OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the order of Supreme Court reinstated.
 

 Respondent Green brought this proceeding to invalidate a designating petition and certificate of acceptance nominating
 
 *912
 
 DiNapoli as a candidate of the Independence Party for the office of Nassau County Executive. The central issue is whether DiNapoli satisfied the filing requirement of Election Law § 6-144 which specifies that such documents must be filed in the office of the Board of Elections, and further states, in relevant part: “All such petitions and certificates shall at the time of filing thereof be endorsed by such officer or board with the day, hour and minute of such filing. Such officer or board shall keep a book, which shall be open to public inspection in which shall be entered the times of filing all such petitions and certificates [and other pertinent data].” Failure to file within the time required is a fatal defect (Election Law § 1-106 [2]).
 

 DiNapoli was required to file his certificate of acceptance with the Board of Elections on or before July 16, 2001. It is undisputed that he timely presented the certificate to an appropriate official at the Board of Elections shortly after 9:30 a.m. on July 16, but that the Board of Elections did not at that time endorse the certificate with the day, hour or minute of receipt. It is further undisputed that the official intended to time-stamp the certificate later that day, but never did so, and that a separate book entry indicating timely receipt of the document was made.
 

 Green contends that the endorsement is an indispensable component of filing and that this lack of endorsement was a fatal defect. DiNapoli argues that the endorsement by the Board is not a responsibility fairly placed on a candidate and that the certificate here was delivered early in the day to the appropriate Board employee and was, therefore, properly filed.
 

 Supreme Court rejected Green’s challenge. The Appellate Division reversed and invalidated DiNapoli’s designating petition and certificate of acceptance, holding that the failure to strictly comply with the statute was a fatal defect. This was error. In the circumstances presented, DiNapoli satisfied the filing requirement of Election Law § 6-144. The lack of an endorsement due to the Board’s oversight does not constitute a fatal defect.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.