In the Matter of MICHAEL P. CARNEY, Respondent-Appellant, v NIAGARA COUNTY BOARD OF ELECTIONS et al., Respondent, and WILLIAM M. DAVIGNON, Appellant-Respondent, and SCOTT P. KIEDNOWSKI et al., as Commissioners of Niagara County Board of Elections, Intervenors-Respondents. [778 NYS2d 631]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 2, 2004. The order granted petitioner's motion for leave to reargue and, upon reargument, invalidated certain ballots and directed respondent Niagara County Board of Elections to certify the results.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by reversing that part concerning the O. ballot and as modified the order is affirmed without costs, and intervenors are directed to open and count the O. ballot.

Memorandum: Petitioner commenced this proceeding under article 16 of the Election Law to review certain ballots cast during the November 2003 general election for the Niagara County Legislature, Ninth Legislative District. The issues raised on appeal concern the validity of only two of those ballots, the "B. ballot" (Exhibit 2) and the "O. ballot" (Exhibit 1). Although we conclude that Supreme Court on reargument properly adhered

to its prior determination refusing to validate the B. ballot, we further conclude that, contrary to the court's determination, the O. ballot must be opened and counted.

The B. ballot is an absentee ballot that was invalidated by respondent Niagara County Board of Elections (Board) because it was postmarked on the day of the election. On his cross appeal, petitioner contends that the court erred in refusing to validate that ballot based on evidence establishing that the ballot was timely mailed. Even assuming that petitioner's contention is preserved for our review and properly raised by the petition, we nevertheless conclude that it is without merit. Pursuant to Election Law § 8-412 (1), "[t]he board of elections shall cause . . . all ballots contained in envelopes showing a cancellation mark of the United States postal service . . . with a date which is ascertained to be not later than the day before election and received by such board of elections not later than seven days following the day of election to be cast and counted" (*see Matter of Carney v Davignon*, 289 AD2d 1096 [2001]).

The O. ballot is a military ballot that was properly cast in person on October 28, 2003 but, through a clerical error, was never date/time-stamped by the Board. At the canvass, intervenor Commissioners of the Board could not agree on the issue of the validity of the ballot, and the ballot therefore was set aside unopened pursuant to Election Law § 9-209 (2) (d).

If, as respondent William M. Davignon contends, the ballot was properly before the court, then the court should have validated it. The failure of the Board to date/time-stamp that otherwise properly cast ballot was a mere ministerial error (*see* Election Law § 9-209 [2] [a] [2]; § 10-126; *see also Matter of Green v DiNapoli*, 96 NY2d 910, 912 [2001]). " 'The right of the voter to be safeguarded against disenfranchisement and to have his intent implemented wherever reasonably possible . . . transcends technical errors' " (*Carney,* 289 AD2d at 1096, quoting *Matter of Weinberger v Jackson*, 28 AD2d 559, 559 [1967], *affd* 19 NY2d 995 [1967]). If the O. ballot was not properly before the court, as petitioner contends and the court determined on reargument, then it should have been "opened and the vote counted" pursuant to Election Law § 9-209 (2) (d). Under either circumstance, the ballot should have been opened and counted. We therefore modify the order accordingly, and we direct intervenor Commissioners of the Board to open and count the O. ballot. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.